HEIRS OF GONZÁLEZ, PLAINTIFFS AND APPELLANTS, *v.* FERNÁNDEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action of Debt and Renunciation of Inheritance.

No. 2274.—Decided July 28, 1921.

CONTRACT—EVIDENCE.—When the defendant sets up in his answer facts which constitute an admission of the existence of the contract declared on, but alleges an inferior consideration and its payment, such an admission makes it unnecessary for the plaintiff to prove the contract and the only questions at issue are the amount of the consideration and whether or not it has been paid.

ID.—HEIRS—ACCEPTANCE OR REPUDIATION OF INHERITANCE. — As the acceptance or repudiation of an inheritance by one of the heirs, who refused to join the

others in an action against a debtor of the common ancestor, would affect the amount that the plaintiffs could recover, for an acceptance would entitle them to a *pro rata* share only in the debt sued for while a repudiation would entitle them to recover the whole amount of it, they have a right to compel him to elect within a reasonable time to be determined by the court.

The facts are stated in the opinion.

*Mr. A. Marín Marién* for the appellants.

*Mr. A. Sarmiento* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein alleged among other things:

"Third: That in or about the month of June, 1914, the defendant entered into an arrangement with José González Otero whereby the latter agreed to receive defendant's minor children Oscar and Purificación Fernández y Hernández, who were under defendant's *patria potestas,* into his home as boarders and to maintain, support and care for said children, the father of said minors, defendant herein, promising to pay all the expenses arising from such maintenance, support and care of his said children.

"Fourth: That since such time José González Otero has been supplying the necessities of defendant's said children, but has received compensation therefor only up to the month of July, 1914; that the amount expended by José González Otero for such maintenance and support from the month of August of said 1914 to the month of June, 1915, both inclusive, at the rate of 209 *pesetas* monthly, aggregates 2,300 *pesetas,* which amount he has been unable to collect from the defendant notwithstanding his efforts and despite the latter's promise to settle at the end of each quarter; that the equivalent of the 1,300 *pesetas* is $480."

After the filing of this complaint plaintiff died and the action was continued in the name of the widow Belisa García Pertierra and the children, with the exception of one who refused to join as plaintiff.

From a supplementary complaint we quote the following:

"1. That the death of plaintiff José González Otero occurred after the filing of said complaint and the present plaintiffs, together with defendant Ricardo González, were designated his heirs.

"2. That said Ricardo González, who instituted the foregoing

complaint herein, now refuses to join the other plaintiffs in the further prosecution of this action.

"3. That said Ricardo González also refuses to state whether or not he will accept the inheritance of said José González Otero and since the interests of the other plaintiffs are thereby affected, inasmuch as they are the lawful and forced heirs of the party who rejects his inheritance, it becomes imperative to ascertain whether said defendant accepts or rejects it and he has done nothing to indicate his intention to accept, nor does he state categorically that he will not accept.

"Wherefore the plaintiffs pray the court to consider this as supplementary to the previous complaint and to summon the said defendant to appear; to declare categorically that the plaintiffs in this action are entitled to judgment against defendant Serapio Fernández for the total amount sued for in the original complaint, and to hold that Ricardo González has no participation in the said inheritance, that is, to declare that he has rejected the same."

The answer by Fernández, after certain denials, sets up as new matter:

"That from October 23, 1913, to June 15, 1915, plaintiff José González Otero has kept the defendant's children Oscar and Purificación at his home in Puerto de Vega, province of Oviedo, Spain, as his boarders for the agreed upon sum of $100 a year each, and that the amount due has been paid in full to said González Otero."

The answer by Ricardo González is as follows:

"That as to the action for money due, the facts set forth in the original complaint, copy of which has not been delivered to him as defendant, are not binding upon him, and

"That he absolutely denies the second clause of the supplementary complaint."

After the overruling of demurrers for want of facts sufficient to constitute a cause of action, among other grounds, and after a trial on the merits, the action was dismissed by the court below for reasons stated as follows:

"The evidence in this case compels the court to make the following finding: There is no proof of the existence of the contract

set up in the complaint. It is true that a letter from Serapio Fernández was introduced wherein he notifies González Otero of certain remittances, one therewith and others to be made in the future, but there is nothing to indicate the existence of the contract relied on by the plaintiff. It is possible that the plaintiffs may have some other title and cause of action, but the one raised herein is not supported by the necessary evidence to justify a judgment by this court in their favor.

"It is not necessary to cite principles of law in this case because there is no matter of fact to which the same could be applied.

"As to the action brought against Ricardo González in the supplementary complaint, we find that no cause therefor exists."

The finding that plaintiffs failed to prove the contract set up in the complaint entirely ignores the state of the pleadings. Fernández, in his answer, avers that from October 23, 1913, to June 15, 1915, the original plaintiff, José González Otero, for and in consideration of a specific yearly sum, had and kept as guests in his house at Puerto de Vega, Province of Oviedo, Spain, the two children of the said defendant, Oscar and Purificación. This plain statement, although it insists upon a lower rate of compensation than that indicated by plaintiffs as having been agreed upon and alleges payment to have been made at such lower rate, obviously admits the existence of a contract and an original obligation to pay at least for the board and lodging of the two children, and joins issue only on the question of amount and payment. As bearing upon this point we may refer without comment to section 1240 of our Civil Code, which provides that "the indetermination of the amount shall not be an obstacle to the existence of the contract provided it may be possible to determine it without necessity of a new agreement between the contracting parties."

The letter referred to by the trial judge reads in part as follows:

"Puerta de Tierra, June 20, 1914.—Mr. José González Otero.—

My dear Uncle: Yesterday—Thursday—I received your kind and welcome letter which I was anxiously awaiting as Adelina had written me that Oscar's shin bone needed an operation, and I was really very much worried as misfortunes never come singly. However, I see by your letter that he is proceeding satisfactorily, and I am glad that everybody there is in good health. We are all well here except that we feel the intense heat which will be pronounced this summer. I enclose a draft for 500 *pesetas.* I wish I could make it 1,000 so as to avoid frequent remittances, but we are somewhat short of funds as our balance was very unsatisfactory. We have been obliged to pay off some old debts of the store, but these have been all liquidated and now we owe nobody. We have also expended $1,000 in the improvement of the properties we purchased, but these outlays will not prevent my easily sending you another 500 *pesetas* within a couple of months. So I want you to take good care of yourselves and not to hesitate to spend a dollar more or less, as this is what one works for and what I have already worked for and it is better to spend money in taking care of oneself than to spend it in doctors and medicine. I also understand that Oscar is backward in his studies at school, but I think he will have lots of time, especially as he is not subject to compulsory military service. I have likewise taken note of what you are spending, but while you consider it a great deal I think it is very little. I hope you will do me this favor and that is not to borrow any money from anyone except in a case of emergency, and in such event you could appeal to your nephew, whose name I do not remember although I know he is the brother of Regino, that is, the husband of the daughter of the late Sixto, to whom I am grateful, since he was very serviceable when my Emilia died, and after the harvesting of the coming 'Caracolillo' coffee crop I will send him a remittance to show him how much I appreciate his good services, especially in connection with my cherished Emilia. So now you know that I want you, whenever you are in need of money, to ask for it frankly and without hesitation, for we have surmounted the slight difficulties arising from the causes mentioned, and from now on we have only to collect accounts and put the money in the safe. We had to pay back accounts and we paid them off gradually. I also told you that we have expended about $1,000 in improvements to the property we purchased, but

you may rely upon my sending you another 500 *pesetas* towards the end of August, or more, if necessary. What I do ask you, however, is not to deprive yourselves of anything and also to allow my aunt Felisa to spend a dollar whenever she feels like it.''

The following statement of account, subscribed by the original plaintiff shortly before his death, was also introduced in evidence:

''Puerto de Vega, 1st of August, 1914 to 1915.—Current account of expenses for maintenance of the sons of Serapio Fernández, Purita and Oscar. Debtor to José González Otero for eleven months table board:

|  |  | Pesetas. |
|---|---|---|
| **1914:** |  |  |
| August—Table Board | | 209 |
| Sept.— '' '' | | 209 |
| October— '' '' | | 209 |
| November—'' '' | | 209 |
| December—'' '' | | 209 |
| **1915:** |  |  |
| January—Table Board | | 209 |
| February— '' '' | | 209 |
| March— '' '' | | 209 |
| April— '' '' | | 209 |
| May— '' '' | | 209 |
| June— '' '' | | 209 |
| Total | | 2,300 |
| A loan from Vicente Trelles which I contracted for Serapio when he was at my home | | 500 |

''Puerto de Vega, October 10, 1915.''

We think the letter above mentioned sufficiently shows a purpose and a promise to reimburse the predecessor in interest of plaintiff whatever expenses and disbursements might be incurred by him in the support and maintenance of the children placed in his charge. Other testimony shows conclusively that the children were well dressed, well fed and well cared for and, with reasonable certainty, that the uncle supplied the money required for such support and main-

tenance to an amount approximating the sums mentioned in the complaint and in the statement, *supra.* No evidence whatever·was introduced by the defense and therefore the new matter contained in the answer need not be considered, save in so far as it admits the placing of the children and the existence of an obligation to pay for their board and lodging.

Plaintiffs had an interest in ascertaining whether or not Ricardo González was disposed to accept his inheritance and the mere fact that the prayer of the supplementary complaint includes somewhat more than is contemplated by the statute should not operate to deprive them of whatever relief they may be entitled to by reason of the facts alleged. Should the recalcitrant heir elect to accept the inheritance notwithstanding his refusal to assert his claim against the defendant herein, plaintiffs would be entitled only to a *pro rata* share of the money due and owing; otherwise they may recover the whole amount of the debt. Section 971 of the Civil Code reads as follows:

"Should a third person in interest institute a suit to compel the heir to accept or to repudiate the inheritance, the district court shall fix a period for the latter, not exceeding thirty days, within which he shall declare his intention, warning him that should he not do so the inheritance shall be considered as accepted."

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.